IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                              Case No. 20-cr-1820 KG

EDGAR V. DURAN,

    Defendant.

## MEMORANDUM OPINION AND ORDER

    This matter is before the Court on Defendant Edgar V. Duran's Motion for Extension of Time to File Notice of Appeal (Doc. 46) (filed by counsel) and his *pro se* Motion for Leave to File Out-of-Time Notice of Appeal (Doc.51). The Government responded in opposition to the first Motion, defense counsel replied, and the Government, with permission, filed a Surreply which addressed both Motions. (Docs. 52, 53, 56). The Court, having considered the briefing and the relevant law, denies both Motions.

    Mr. Duran is currently serving a 66-month sentence after pleading guilty to one count each of conspiracy to transport illegal aliens, high speed flight from an immigration checkpoint, and felon in possession of a firearm and ammunition. (Docs. 20, 21, 27). While in custody, Mr. Duran filed, through counsel, a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 37). On October 21, 2022, the Court entered a Memorandum Opinion and Order denying Mr. Duran's Motion. (Doc. 45). The pending Motions arise from Mr. Duran's attempt to appeal the order denying his Motion for release.

    When the Court entered its Order denying the Motion for Compassionate Release, it triggered a strict 14-day deadline for filing a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A).

Thus, Mr. Duran had until November 4, 2022, to file his notice. Having failed to do so, he filed a Motion for an Extension of Time to File Notice of Appeal, through counsel, on December 6, 2022. (Doc. 47). He next filed his duplicative *pro se* Motion on December 12, 2022. (Doc. 51). Normally the Court would not consider a *pro se* filing from a represented defendant. *Bunn v. Perdue*, 966 F.3d 1094, 1098 (10th Cir. 2020) ("When individual parties have the assistance of counsel, courts need not consider any filings made *pro se*.") (collecting cases). But because defense counsel explicitly requested that her Motion be withdrawn in favor of her client's, Reply (Doc. 53) at 1, the Court is reluctant to strike the *pro se* Motion outright. The Court therefore considers both Motions and concludes that whether it struck Mr. Duran's *pro se* Motion or allowed counsel to withdraw her Motion is of no consequence because both Motions independently fail under Rule 4.

The Court denies counsel's Motion for Extension for falling outside the allowed time limits for an extension. Counsel is correct that Rule 4(b)(4) allows an extension of time to file a notice upon a finding of excusable neglect or good cause. The Court's discretion is cabined, however: an extension may not "exceed 30 days from the expiration of the time otherwise prescribed by this Rule." Rule 4(b)(4). Here, the original deadline was November 4, 2022. Thirty additional days puts the outer limit for an extension on December 4, 2022. Accounting for that day being a Sunday, the Court determines December 5, 2022, is the proper boundary. As noted, counsel filed the Motion for Extension on December 6. The Court concludes that at that point it had no authority to grant an extension. Thus, counsel's Motion (Doc. 46) is denied.

The Court denies Mr. Duran's *pro se* Motion for failure to comply with Rule 4(c). The Court notes that Mr. Duran's Motion was filed on the docket on December 12, 2022, which on its face is outside the allowed 30-day extension. *See* (Doc. 51). Defense counsel argues that

because Mr. Duran signed his *pro se* Motion on December 2, 2022, it is properly deemed filed on that date under the so-called "Mailbox Rule," and thus falls just inside the 30-day window. (Doc. 53) at 2 (citing, among other authority, Rule 4(c)(1)(A)(ii)). The Court, however, agrees with the Government that Mr. Duran has not born his burden of showing he followed the requirements of Rule 4(c) which would entitle him to the benefit of the Mailbox Rule. *See* (Doc. 56) at 2–4.

At the threshold, Rule 4(c)(1) requires an inmate to use the designated legal mail system. The Government attaches exhibits showing that FCI Florence has a specialized legal mail system and that mail passing through that system will have an identifying label. (Doc. 56) Ex. 1. Rule 4(c)(1)(A) further requires that an inmate support his filing's comportment with the mail rules either by attaching a declaration or notarized statement or by evidence (such as postmark or date stamp) showing the notice was properly mailed. Here, Mr. Duran attached no declaration or notarized statement. *See generally* (Doc. 51). And his letter does not bear the special label proving it passed through the designated legal mail system. (Doc. 51) at 3.

The Court thus concludes Mr. Duran's filing does not benefit from the mailbox rule and is deemed filed on the date it was received by the Court—December 12, 2022. *See Price v. Philpot*, 420 F.3d 1158, 1167 (10th Cir. 2005) (concluding that if inmate is not entitled to mailbox rule, a pleading is deemed "filed when it was received by the court."); *see also United States v. Payne*, No. 20-5021, 2020 WL 4805472, at *1 (10th Cir. May 13, 2020) ("Failing to indicate whether a legal-mail system was used or unavailable prevents a notice of appeal from receiving the benefit of the prison-mailbox rule."). Mr. Duran's Motion was, like counsel's, received beyond the outer limit for granting an extension. The Court, therefore, denies Mr. Duran's *pro se* Motion (Doc. 51).

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE